UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAMMY N.-S., | |
| Plaintiff, | Case No. C20-5739 RAJ |
| v. | **ORDER AFFIRMING DENIAL OF BENEFITS** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff appeals denial of Disability Insurance Benefits, contending the ALJ erred by rejecting a medical opinion and failing to account for necessary breaks. Dkt. 7. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 51 years old, has a high school education, and has worked as a sales clerk and a management trainee. Dkt. 5, Admin. Transcript (Tr.) 22. The ALJ found Plaintiff not disabled from her July 2011 alleged onset date through her December 2011 date last insured. Tr. 15-24. In pertinent part, the ALJ found Plaintiff's severe impairments of chronic obstructive pulmonary disease (COPD)/asthma restricted her to

ORDER AFFIRMING DENIAL OF BENEFITS
- 1

sedentary work without pulmonary irritants.  Tr. 17, 18.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

**A.     Vuthy Leng, M.D.**

In March 2018, Dr. Leng opined that during the relevant period in 2011 Plaintiff needed nebulizer treatments every four hours about half the time, and every two hours about half the time.  Tr. 1095-96.  The ALJ found Dr. Leng's opinions "not persuasive" as inconsistent with the medical evidence because there was only a single record, in August 2011, regarding nebulizer treatment and no indication of needing nebulizer treatment every two hours.  Tr. 21-22.

The ALJ's finding was supported by substantial evidence.  On August 23, 2011, Dr. Leng prescribed "Nebulizer solution" three to four times daily.  Tr. 733.  The prescription, for 60 vials with five refills, would last about two to three months at this frequency.  *Id*.  Dr. Leng's subsequent records show no further prescriptions for nebulizer solution.  *See* Tr. 735 (oral inhalers only).  Plaintiff identifies no other evidence of nebulizer treatment during, or near, the relevant period.  Conflict with the medical evidence was a sufficient reason to discount Dr. Leng's opinions.  *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (inconsistency with objective medical evidence is a specific and legitimate reason for rejecting a doctor's opinion).  Inclusion of any

ORDER AFFIRMING DENIAL OF BENEFITS
- 2

erroneous reasons was harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012) (error harmless if "inconsequential to the ultimate disability determination").

Plaintiff argues a treatment record may be missing, because Dr. Leng's May 2012 treatment note references vital signs measured on December 6, 2011. *See* Tr. 734. However, the ALJ's inference that Plaintiff only interacted with a staff member on that date is reasonable. *See* Tr. 719; *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). In any case, the only relevance Plaintiff claims of a December 2011 visit is to show "there was no long period for which Dr. Leng did not see or trea[t] the Plaintiff." Dkt. 12 at 3. This would not, however, undermine the ALJ's finding that Dr. Leng's opinions conflicted with the medical evidence.

The Court concludes the ALJ did not err by discounting Dr. Leng's opinions.

**B.    Additional Break During Workday**

Plaintiff contends even if she only needed nebulizer treatment three to four times per day, that would require an additional, unscheduled break and thus prevent her from maintaining employment. Dkt. 12 at 1-2. Plaintiff's contention is unsupported by the record. If a person is awake 16 hours per day and spreads four treatments out evenly, about five hours would pass between each treatment. This would, at most, require one treatment during a normal eight-hour workday. A workday typically includes two 15-minute breaks and a longer lunch break, which would accommodate Plaintiff's asserted need for more than 15 minutes. *See* Dkt. 7 at 3; *but see* Dkt. 12 at 2 ("The Plaintiff only

ORDER AFFIRMING DENIAL OF BENEFITS
- 3

relies on the ALJ's statement that the Plaintiff would need 3-4 treatments daily and that these treatments take 10-15 minutes.").

Plaintiff asserts, with no citation to the record, that she needs nebulizer treatments when symptoms increase and thus cannot coordinate them with work breaks. Dkt. 12 at 2. Dr. Leng's treatment records contradict Plaintiff's assertion. He prescribed nebulizer solution three to four times daily—not as needed or when symptoms increase. Tr. 733.

Plaintiff argues the ALJ erred by finding she stopped her COPD medications. Dkt. 7 at 4. However, Dr. Leng's May 2012 treatment records clearly state Plaintiff "had … stop[ped] taking her medication of copd [*sic*]."

The Court concludes Plaintiff has shown no error in the ALJ's evaluation of Plaintiff's need for nebulizer treatment.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 5th day of March, 2021.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER AFFIRMING DENIAL OF BENEFITS
- 4